DOWELL, administrator, *v.* POLLARD, receiver, *et al.*

No. 11260. July 15, 1936.

*Ulmer & Dowell,* for plaintiff. *H. Wiley Johnson,* for defendant.

ATKINSON, Justice. 1. In the act approved August 18, 1924 (Ga. L. 1924, p. 60), amending sections 4424 and 4425 of the Code of 1910, it is declared: "Section 1. . . A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent; and if suit be brought by the widow or children, and the former or one of the latter dies pending the action, the same shall survive in the first case to the children, and in the latter to the surviving child or children. The husband may recover for the homicide of his wife, and if she leaves child or children surviving, said husband and children shall sue

jointly and not separately, with the right to recover the full value of the life of the deceased, as shown by the evidence, and with the right of survivorship as to said suit, if either die pending the action. A mother, or, if no mother, a father, may recover for the homicide of a child, minor or sui juris, upon whom she or he is dependent, or who contributes to his or her support, unless said child leaves a wife, husband, or child. Said mother or father shall be entitled to recover the full value of the life of said child. In cases where there is no person entitled to sue under the foregoing provisions of this section, the administrator of the deceased person may sue for and recover for the benefit of the next of kin, if dependent upon the deceased, or to whose support the deceased contributed; in which event the amount of the recovery shall be determined by the extent of the dependency or the pecuniary loss sustaind by the next of kin. Section 2. . . The word homicide, used in the preceding section, shall be held to include all cases where the death of a human being results from a crime or from criminal or other negligence. The plaintiff, whether widow, or child, or children, may recover the full value of the life of the deceased, as shown by the evidence. Where recovery is had by the administrator, the measure of recovery shall be as provided in the preceding section, and the administrator shall hold the amount of the recovery for the benefit of the next of kin, if dependent, or to whose support the deceased contributed. In the event of a recovery by the widow she shall hold the amount recovered subject to the law of descents, as if it were personal property descending to the widow and children from the deceased; and no recovery had under the provisions of this section shall be subject to any debt or liability of any character of the deceased husband or parent. The full value of the life of the deceased, as shown by the evidence, is the full value of the life of the deceased without deduction for necessary or other personal expenses of the deceased had he lived." This law has been codified. Code of 1933, §§ 105-1302—105-1309. This law is a statutory provision and expressly authorizes an administrator to bring suit for the homicide where circumstances exist as enumerated in the statute.

(a) Accordingly, where the homicide occurred on October 12, 1933, and an administrator in virtue of the statute brings suit for the homicide against a receiver of a railroad company and its employees, the action is one purely at law, sounding in tort.

794

(*b*) The suit is not in equity on account of allegations in the petition by the administrator that he "is, because of the existence of two living wives with the right to sue vested in the widow of the deceased, without a full and complete remedy in law, and can only obtain complete relief in a court of equity," and the prayer that the administrator "have judgment, as administrator of the estate of said deceased intestate for the benefit of the said minor children of said deceased who was wholly and solely dependent upon him at the time of his death, for the said sum of $50,000, or such other sum or sums as to the court and jury may appear just and proper upon the trial of this suit, and for all cost of court; and for such other and further relief as to the court may appear just and proper."

2. No constitutional question being involved, the Supreme Court is without jurisdiction of the bill of exceptions which assigns error on the judgment sustaining a general demurrer to the petition. Therefore the case is transferred to the Court of Appeals which has jurisdiction.

*Transferred to Court of Appeals. All the Justices concur.*